## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BYERS, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. and PNC INVESTMENTS, )<br><br>Defendants. ) | Judge David S. Cercone<br><br>Civil Action No. 07-0123 |

JAN KLAISS, on behalf of himself and
all others similarly situated,

        Plaintiff,

        v.

THE PNC FINANCIAL SERVICES
GROUP, INC. and PNC INVESTMENTS, INC.,

        Defendants.

## CONSOLIDATED AMENDED COMPLAINT

Plaintiffs Andrew W. Byers and Jan Klaiss, residents of Arizona and Pennsylvania, (collectively, "Plaintiffs'), by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters. Plaintiffs bring this class and collective action on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the Federal Fair Labor Standards Act, and the Labor Laws of each of the jurisdictions of the United States,

including, without limitation, the Labor Laws of Pennsylvania, and as a result of other wrongful
conduct and improper labor practices committed by Defendants, The PNC Financial Services
Group, Inc., whose address is 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania, and
PNC Investments, Inc., whose address is 1 PNC Plaza, 249 Fifth Avenue, Pittsburgh,
Pennsylvania (hereafter collectively referred to as "PNC" or Defendants").

## NATURE OF THE ACTIONS

1.      Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor
Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.* and as a class action pursuant to Fed.
R. Civ. P. 23.  The persons plaintiffs seek to represent are current and former Centralized Senior
Financial Consultants, Branch Centralized Senior Financial Consultants, Branch Senior Financial
Consultants, Financial Consultants, and Financial Consultant Trainees (also known as and
sometimes referred to herein as "Security Brokers," "Security Broker Trainees," "Financial
Advisors," "Financial Advisor Trainees," "Financial Services Representatives," "Financial
Service Representative Trainees," "Investment Executives," "Investment Executive Trainees,"
"Investment Representatives" or "Investment Representative Trainees") who have been
employed by PNC anywhere in the United States, who were and are employed by Defendants on
a commission basis, and to whom Defendants failed and continue to fail to pay overtime for
work performed in excess of forty (40) hours per week as required by law and/or were and are
subjected to unlawful deductions from their pay by Defendants and/or were and are unlawfully
compelled to pay for Defendants' business expenses and/or were and are unlawfully charged
back for commission and/or the actual value of stock losses allegedly caused by them through
simple negligence or through no fault of their own.  The employees in the positions identified in
this paragraph 1 are collectively referred to herein as "Covered Positions."

2

2.      The group and class that Plaintiffs seek to represent are (i) the "Federal Collective
Group" that consists of all individuals who were or are employed by Defendants in Covered
Positions in the United States of America at any time since February 1, 2004, who timely opt-in
to any such collective group (the "Federal Eligibility Period"), and (ii) the "State Law Class"
consisting of all individuals employed by Defendants in Covered Position in the United States at
any time during the maximum applicable limitations periods authorized by the laws of those
jurisdictions in the United States, including, without limitation, all individuals employed by
Defendants in Covered Positions in the Commonwealth of Pennsylvania at any time since
February 1, 2004, (collectively the "State Law Class Periods").

3.      Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay the Federal
Collective Group overtime pay for a work week longer than forty (40) hours.

4.      Defendants violated the rights of the State Law Class as provided under the Labor
Laws of each of the jurisdictions of the United States which provide for (a) an overtime payment
rate for work in excess of forty (40) hours, and/or (b) prohibit deductions from wages except for
those deductions allowed by law, including, without limitation, violations of the following laws
of the Commonwealth of Pennsylvania, as alleged hereunder.

5.      Defendants violated the Pennsylvania Minimum Wage Act of 1968, ("MWA") as
amended, 43 Pa. C.S.A. §333.101-333.115, which requires employers to pay non-exempt
employees overtime at the rate of one and one-half times the employee's regular salary for all
hours worked in excess of forty (40) hours in any given work-week, by failing to pay their
employees in Covered Positions in Pennsylvania any such overtime compensation.

6.      Defendants violated the Pennsylvania Wage Payment and Collection Law
("WPCL"), 43 Pa. C.S.A. §260.1 *et seq*., which requires the timely payment of wages due, by

3

failing to pay employees in Covered Positions in Pennsylvania overtime wages, as required by Pennsylvania law.

      7.     Defendants violated the WPCL and its implementing regulations, 34 Pa. Code §9.1, which expressly delineate and limit the types of deductions which are permitted to be taken against an employee's wages, by failing to reimburse employees in Covered Positions in Pennsylvania for various business-related expenses and for unlawfully making deductions from such employees' wages regarding such business related expenses.

      8.     As a result of Defendants' violation of the FLSA and the Labor Laws of each of the jurisdictions of the United States, including, without limitation, the Labor Laws of Pennsylvania. Plaintiffs and the members of the Federal Collective Group and the members of the State Law Class were unlawfully and grossly under-compensated for their work.

## JURISDICTION AND VENUE

      9.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. §1367, supplemental jurisdiction of state law claims.

      10.    Venue is proper under 28 U.S.C. §1391(b)(1) and §1391(c) because the named Defendants are resident in this District.

## PARTIES

      11.    During the Federal Eligibility Period, Plaintiffs were employed by PNC in Covered Positions in the United States.

      12.    During the State Law Class periods Plaintiffs were employed by PNC in Covered Positions in the Commonwealth of Pennsylvania.

13.     During the Federal Eligibility and State Law Class Periods, Defendants were and are corporations with their principal places of business in the Commonwealth of Pennsylvania.

14.     Plaintiffs, upon information and belief, allege that during the Federal Eligibility and State Law Class periods, each Defendant was the agent of the other Defendant, and in performing the acts alleged in this Complaint, was acting within the course and scope of that agency. Thus, any reference to "Defendant" or Defendants" shall mean "Defendants and each of them." Defendants are individually, jointly and severally liable as the employers of the Plaintiffs and each plaintiff class member because each Defendant, either directly or indirectly, or through an agent or another person, employed or exercised control over the wages, hours and working conditions of Plaintiffs.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs bring this action on behalf of themselves, and the Federal Collective Group pursuant to the FLSA. 29 U.S.C. §216(b), and on behalf of themselves and the State Law Class pursuant to Fed. R. Civ. P. 23.

16.     Plaintiffs are informed and believe that there are hundreds of members of the State Law Class and the Federal Collective Group, and each Class and Group is so numerous that joinder is impractical.

17.     There is a well-defined community of interest in the questions of law and fact affecting the Federal Collective Group and the State Law Class. The following questions of law and fact common to the Federal Collective Group and to the State Law Class predominate over questions which may affect only individual members of the Federal Collective Group and the State Law Class:

a.  Whether Defendants failed to adequately compensate the members of
    the Federal Collective Group for overtime hours worked as required by
    the FLSA, 29 U.S.C. §207, and failed to adequately compensate the
    members of the State Law Class for overtime hours worked as
    required by the labor laws of the States and jurisdictions of the United
    States, including, without limitation, the Pennsylvania Minimum Wage
    Act of 1968, 43 Pa. C.S.A. §333.101-333.115 and the Pennsylvania
    Wage Payment and Collection Law, 43 Pa. C.S.A. §260.1 *et seq*.

b.  Whether Defendants wrongfully deducted monies from the wages of
    the members of the State Law Class and/or otherwise required
    members of the State Law Class to pay for support staff and other
    overhead expenses and/or reversed trades in violation of the Labor
    Laws of the States and jurisdictions of the United States, including,
    without limitation, the Pennsylvania Wage Payment and Collection
    Law, 43 Pa. C.S.A. §260.1 *et seq.*, and its implementing regulations,
    34 Pa. Code §9.1

c.  Whether Defendants violated the Labor Laws of the States and
    jurisdictions of the United States, including, without limitation, the
    Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A.
    §260.1 *et seq,* which provides that when an employee is discharged or
    terminates employment for any reason, the employer must pay the
    employee all wages due, by failing to tender payment and/or
    restitution of wages owed or in the manner required by the Labor Laws

6

of the States and jurisdictions of the United States, including, without limitation, Pennsylvania law, to the State Law Class.

d.      Whether the members of the Federal Collective Group and the State Law Class have been damaged and, if so, the extent of such damages.

18.    As employees of Defendants, which failed to adequately compensate Plaintiffs for overtime hours worked as required by law and improperly charged them for expenses, Plaintiffs assert claims that are typical of the claims of the Federal Collective Group and the State Law Class. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group and the State Law Class and have no interests antagonistic to those of the other members of the Federal Collective Group and the State Law Class. Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

19.    Plaintiffs and other members of the Federal Collective Group and the State Law Class have suffered damages as a result of Defendants' wrongful conduct. Because of the size of the claims of the individual members of the Federal Collective Group and the State Law Class, few, if any, members of the Federal Collective Group and the State Law Class could afford to seek legal redress for the wrongs complained of herein. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a collective and class action, the members of the Federal Collective Group and the State Law Class likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the FLSA, 29 U.S.C. §207, and the Labor Laws of the States and jurisdictions of the United States, including, without limitation, MWA, 43 Pa. C.S.A. 333.101-333.115 and WPCL, 43 Pa. C.S.A. §260.1 *et seq*.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Defendants sold (and continue to sell) securities and other financial products.

21.     Plaintiffs were inside sales persons whom Defendants paid on a commission basis without any premium for overtime pay as required by law.

22.     Defendants charged and/or refused to compensate the members of the State Law Class for various costs of doing business.

23.     Neither Plaintiffs, nor the other members of the Federal Collective Group and the State Law Class, were or are part of any group exempt from the overtime requirements of Federal Law or the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of Pennsylvania.

24.     Members of the State Law Class were and are not "professionals" and did not perform executive or administrative functions as defined by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, 34 Pa. Code §231.84.

25.     Plaintiffs and other members of the Federal Collective Group and the State Law Class were not (and are not) outside salesmen as defined in the FLSA and the Labor Laws of the States and jurisdictions of the United States, including, without limitation, Pennsylvania, since they performed their sales functions inside Defendants' offices.

### FIRST CLAIM FOR RELEIF
### Restitution for Failure to Pay Overtime to the Federal Collective Group
### (Violation of FLSA §207)

26.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

27.     Section 207(a)(1) of the FLSA provides, in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods

8

for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1)(2005).

28.     Section 207(i) of the FLSA provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) of this section – [mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title [29 U.S.C. §206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. §207(i)(2005)(emphasis added).

29.     This Section 207(i) exemption does not apply to the Federal Collective Group herein because brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 C.F.R. §770.317 (2005). Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... securities dealers." *Id.*

30.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> Any employee employed in a bona fide **executive, administrative,** or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teach in elementary or secondary school), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of title 5 except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

9

29 U.S.C. §213(a)(1)(2005)(emphasis added).

31.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who work on commission, are not employed in a bona professional capacity.

32.    The professional exemption does not apply to Plaintiffs and the other members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience, an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

33.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Collective Group hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of Defendants.

34.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither Plaintiffs, nor the other members of the Federal Collective Group, were, or are, outside salespersons because Plaintiffs and the other members of the Federal Collective Group were employed at the Defendants' places of business.

10

35.     The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of Defendants.

36.     The Federal Collective Group under the FLSA includes all securities broker employees of Defendants in Covered Positions in the United States.

37.     For purposes of the FLSA, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

38.     There are no other exemptions applicable to Plaintiffs and/or the other members of the Federal Collective Group.

39.     Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than forty (40) hours per week for Defendants, and received no premium pay for hours worked in excess of forty (40) hours per week.

40.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to Plaintiffs and the other members of the Federal Collective Group.

41.     As a result of Defendants' failure to pay overtime, Plaintiffs and the other members of the Federal Collective Group demand that they be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### SECOND CLAIM FOR RELEIF
### (Failure to Pay Overtime to Members of the State Law Class)

42.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

43.    The laws of the states and jurisdictions of the United States, including, without limitation, the overtime laws of Pennsylvania, provide that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee. As such, Plaintiffs and the other members of the State Law Class are entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek while employed by Defendants in such Covered positions in such States and jurisdictions of the United States.

44.    For example, the Pennsylvania Minimum Wage Act of 1968, 43 Pa. C.S.A. §222.101-222.115 and its implementing regulations, provides that any work in excess of forty (40) hours in any one work week shall be compensated at the rate of no less than one and one-half (1 ½ ) times the regular rate of pay for an employee.

45.    The overtime laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of Pennsylvania, exempt from these overtime premium pay requirements certain "white collar" employees employed in a bona fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

46.    Neither Plaintiffs, nor members of the State Law Class, are part of any group exempt from the overtime requirements of the laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of Pennsylvania.

47.    The professional exemption does not apply to the Plaintiffs or to the other members of the State Law Class because the status of a securities broker is not a recognized profession in a field of science or learning or artistic endeavor, and the skills are acquired

12

through experience, an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning. *(See, e.g.,* 34 Pa. Code §231.84).

48.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction *(See, e.g.,* 34 Pa Code §231.84). Although many members of the State Law Class hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of Defendants.

49.    Any exemption under the laws of the States and jurisdictions of the United States for executive or administrative personnel does not apply to Plaintiffs and the other members of the State Law Class since, among other reasons, their primary duties were not in management and they were not responsible for the supervision of the other employees of Defendants, nor were their primary duties the performance of office work related to management or the internal business operations of Defendants, but rather were the sale of financial products to the Defendant-employers' customer.

50.    Any exemption under overtime laws of the States and jurisdictions of the United States for employees employed in the capacity of outside salesman does not apply because neither Plaintiffs, nor the other members of the State Law Class, were, or are, outside salespersons because Plaintiffs and the other members of the State Law Class were employed at the Defendants' places of business.

51.     Plaintiffs and all other members of the State Law Class employed by Defendants during the State Law Class Period, either regularly or from time to time, worked and/or work more than forty (40) hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of forty (40) hours, and as a result thereof, suffered damages.

52.     Therefore, Plaintiffs demand that they and all other members of the State Law Class be paid overtime compensation as required by the overtime laws of the States and jurisdictions of the United States, including, without limitation, the Pennsylvania Minimum Wage Act of 1968, as amended, 43 Pa. C.S.A. §333.101-333.115.

### THIRD CLAIM FOR RELIEF
### (Impermissible Deductions and Delay in Payments to the State Law Class)

53.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

54.     The laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of Pennsylvania, prohibit an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by law.

55.     For example, the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A. §260.1 *et seq.* and its implementing regulations, 34 Pa. Code §9.1 prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute.  Nowhere in the statute are employers, such as Defendants herein, authorized to deduct from the pay of employees, such as Plaintiffs, or from the pay of similarly situated employees, wages payable to other employees of Defendants or other business-related expenses which solely benefit the employer.

14

56. Defendants made unlawful deductions from the wages paid to Plaintiffs and the other members of the State Law Class and/or required Plaintiffs and the other members of the State Law Class to pay for expenses which were, as a matter of law, the employers' overhead expenses.

57. Thus, Plaintiffs and the other members of the State Law Class were forced to incur expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, which have not yet been reimbursed by Defendants. As such, Plaintiffs and the other members of the State Law Class were forced to contribute to the capital and expenses of the Defendants' business which contributions must be refunded by Defendants to each Plaintiff and to each member of the State Law Class.

58. The described deductions violate the laws of the States and jurisdictions of the United States, including, without limitation, the WPCL, because they are not for the benefit of the employees, not authorized by law and/or not of a similar type to the deductions allowable under the statutes.

59. Defendants have also failed to pay plaintiffs and other members of the State Law Class their earned wages in a timely fashion, in violation of the laws of many States and jurisdictions of the United States. For example, Pennsylvania law requires that employees be paid their earned wages in a timely fashion. WPCL, 43 Pa. C.S.A. §260.1.

60. Therefore, Plaintiffs demand, on behalf of themselves and the other members of the State Law Class, an accounting and reimbursement for all deductions, expenditures or losses deducted or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, in violation of the laws of the states and jurisdictions of the United States, including,

15

without limitation, the Labor Laws of Pennsylvania, with interest and attorneys' fees, and further demand, on behalf of themselves and the other members for the State Law Class, appropriate penalties, if applicable, under the laws of the states and jurisdictions of the United States, for Defendants' failure to timely pay wages during the State Law Class Periods.

**WHEREFORE,** in accordance with all of the above claims, Plaintiffs, on behalf of themselves and the other members of the Federal Collective Group and the State Law Class, demand judgment in their favor against Defendants, individually, jointly and severally, for:

A.  Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law Class during the applicable Federal Eligibility Period and the State Law Class Periods, plus interest thereon at the statutory rate;

B.  Restitution and reimbursement to Plaintiffs and the other members of the State Law Class of all employee expenses not reimbursed by Defendants during the State Law Class Periods;

C.  An order temporarily, preliminarily and permanently enjoining the restraining Defendants from engaging in similar unlawful conduct as set forth herein;

D.  An order requiring Defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

E.  Imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

F.      Appropriate penalties, as may be applicable, under the laws of the States and
        jurisdictions of the United States, for Defendants' failure to timely pay wages,
        impermissible deductions from the compensation of employees in Covered
        Positions and failure to pay proper overtime wages.

G.      All applicable penalties on behalf of members of the Federal Collective Group
        and State Law Class.

H.      Interest;

I.      Reasonable attorneys' fees, litigation expenses and costs of suit; and

J.      Such other and further relief as the Court deems just and equitable.

Plaintiffs demand a trial by jury for all matters so triable.


Dated: February 8, 2008                         Respectfully submitted,

                                                /s/ Gary F. Lynch
                                                Gary F. Lynch
                                                PAID56887
                                                glynch@carlsonlynch.com
                                                R. Bruce Carlson
                                                PAID56657
                                                bcarlson@carlsonlynch.com
                                                Carlson Lynch Ltd.
                                                36 N. Jefferson Street
                                                PO Box 7635
                                                New Castle, PA  16107
                                                (724) 6561555
                                                (724)656-1556(f)

                                                Attorneys for Plaintiffs Andrew
                                                Byers and Jan Klaiss