IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW BYERS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge David S. Cercone |
| v. | ) ) | Civil Action No. 07-0123 |
| THE PNC FINANCIAL SERVICES GROUP, INC. and PNC INVESTMENTS, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| JAN KLAISS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| THE PNC FINANCIAL SERVICES GROUP, INC. and PNC INVESTMENTS, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**JUDGMENT AND ORDER OF DISMISSAL**

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Joint Stipulation and Settlement Agreement (the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this case.

2.  The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and PNC.

3.  The Court finds that the distribution of the Notice to Class Members Regarding Pendency of Class and Collective Action and Notice of Hearing on Proposed Settlement, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.

4.  The Court finds in favor of settlement approval.

5.  The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6.  Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the Released State Law Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Settlement Class. The

Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

7. All of the Released Federal Law Claims are dismissed with prejudice as to Class Members who properly submit a timely Consent to Join Settlement Class Form. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

8. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

9. The Court finds, for settlement purposes only, that that the Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rule of Civil Procedure in that: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) Plaintiffs' claims are typical of the claims of the Class Members; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient resolution of the controversy.

10. The Court finds, for settlement purposes only, that Class Members who properly submit a timely Consent to Join Settlement Class Form meet the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act because the Class

Representatives and the Class Members who properly submit a timely Consent to Join Settlement Class Form are similarly situated.

11.     By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members who has not validly and timely requested exclusion from the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged The PNC Financial Services Group, Inc. and PNC Investments, LLC, and each of their affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("PNC Releasees"), from any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against PNC Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Court's Judgment in the Litigation, that accrued during the Class Period through the date of this judgment and order for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:  (a) any and all claims asserted in the Litigation which arise under the law of any state; (b) any and all claims under applicable state

laws for the failure to pay any type of overtime compensation or minimum wage to Class Members in Covered Positions; (c) any and all claims under applicable state laws for the failure to provide or pay for meal, break, and/or rest periods for Class Members in Covered Positions; (d) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who are exempt under state law from the wage and hour requirements imposed on employees who do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state law; (e) any and all claims alleging the unlawful imposition, deduction or chargeback from compensation for expenses or costs of or related to Class Members in Covered Positions (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office equipment, desk fees, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts) under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions of or related to Class Members in Covered Positions (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office equipment, desk fees, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts); and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a)

through (f) above under any applicable law (collectively "Released State Law Claims"). The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations or common law, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in Form F enclosed with the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement.

12. In addition, by this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members who properly submit a timely Consent to Join Settlement Class Form shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the PNC Releasees from any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against PNC Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that are unknown, by the Class Member that accrued between February 1, 2004 through the date of this judgment and order for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted or which could have been asserted in the Litigation which arise under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*; and (b) any and all claims related to overtime or overtime pay which arise under the FLSA (collectively "Released Federal Law Claims").

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released State Law Claims or Released Federal Law Claims, or of any wrongdoing or liability of PNC or any of the PNC Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of PNC or any of the in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. PNC or any of the PNC Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The only Settlement Class Members entitled to payment pursuant to this Judgment are Class Members who properly submit a timely Consent to Join Settlement Class Form. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

15. PNC has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter, PNC has agreed to pay the Claims Administrator its reasonable fees for its services, and PNC has agreed to pay an incentive to the Class Representatives to reimburse them for their unique services. The Court finds that

these agreements are fair and reasonable. PNC is directed to make such payments in accordance with the terms of the Stipulation.

16. This matter is hereby dismissed with prejudice. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and PNC for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: July 7, 2008

_DS Cercone_
The Honorable David S. Cercone
United States District Court Judge